**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YUSUF R. BROWN,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | Case No. 5:20-cv-05234-JDW |
| | : | |
| **THE DISTRICT ATTORNEY FOR THE** | : | |
| **COUNTY OF LANCASTER, et. al.,** | : | |
| **Respondents.** | : | |

## <u>MEMORANDUM</u>

Yusuf R. Brown objects to Magistrate Judge Elizabeth Hey's Report and Recommendation recommending that the Court dismiss Mr. Brown's petition for a writ of habeas corpus. After review, the Court will adopt Judge Hey's R&R because Mr. Brown's claims exceed the one-year statute of limitations. The Court will also deny Mr. Brown's various pending motions.

## I.    BACKGROUND

### A.    Mr. Brown's Conviction And PCRA Petition

Judge Hey's R&R sets forth the facts, and the Court adopts that recitation. Of particular relevance here, Mr. Brown was arrested for possession of a firearm prohibited, receiving stolen property, carrying a firearm without a license, and possession with intent to deliver a controlled substance in Lancaster County. He moved to suppress the evidence against him, and the Court of Common Pleas denied that motion on September 19, 2017.

On May 3, 2017, the Common Pleas Court convicted him on all charges, and that court sentenced him on July 19, 2017. Mr. Brown appealed, but the Superior Court affirmed his sentence on December 24, 2018. Mr. Brown did not seek leave to appeal to the Pennsylvania Supreme Court, so his conviction became final on January 23, 2019.

Mr. Brown filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 24 Pa. C.S.A. § 9541 *et seq.*, on October 21, 2019. On February 19, 2020, the Court of Common Pleas hearing that petition (the "PCRA court") filed a Notice of Intent to Dismiss the PCRA petition with an opinion attached. Mr. Brown claims that he responded, though that response is not in the record before the Court. In any event, on March 11, 2020, the PCRA did what it said it would and denied Mr. Brown's petition. Mr. Brown did not appeal to the Superior Court. He claims that he did not receive a copy of the PCRA court's opinion, even though the opinion itself indicates that a copy went to Mr. Brown at SCI-Mahony, where he was in custody.

On August 11, 2020, Mr. Brown wrote to the Clerk of Court for the Lancaster County Court of Common Pleas, inquiring about the status of his case. In response, he learned about the PCRA court's decision. Although Mr. Brown's Objection includes a Notice of Appeal that he filed after learning of that decision, there is no record of any proceedings in the Superior Court, and the Pennsylvania Judiciary's website does not reflect any proceedings in that court.

### B.    Procedural History

On October 16, 2020, Mr. Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction. In his petition, Mr. Brown asserts three claims: 1) conviction obtained by false testimony not supported by the evidence; 2) ineffective counsel; and 3) violation of Pa. Rules of Criminal Procedure Rule 600. The Court referred Mr. Brown's Petition to Judge Hey for a Report and Recommendation.

Mr. Brown filed four motions for discovery while the case was pending before Judge Hey. On March 30, 2022, Judge Hey issued an R&R recommending that the Court dismiss Mr. Brown's petition. The R&R recounts the procedural history and facts of Mr. Brown's case at the state level. On May 31, 2022, Mr. Brown filed amended objections to the R&R, disputing each of Judge Hey's findings and repeating the substantive claims from his original petition. Respondents filed a response to the objections that agrees with Judge Hey's analysis. On July 11, 2022, Mr. Brown filed another motion for leave to file supplemental pleadings, but that motion just reiterates equitable tolling arguments that he has already made.

## II.    LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review to whether a state court's adjudication was the product of an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-

(2). A federal court must presume that a state court correctly resolved factual issues, but a petitioner can rebut that presumption with clear and convincing evidence. *See Werts v. Vaughn*, 228 F 3d 178, 196 (3d Cir. 2000). A district court cannot grant a petition for a writ of habeas corpus unless the petitioner has "exhausted the remedies available in the courts of the State" or there is no available State corrective process that can effectively protect the petitioner's rights under the circumstances. 28 U.S.C. § 2254(b)(1).

The Local Rules of Civil Procedure permit a party to object to a magistrate judge's R&R as to a petition for a writ of habeas corpus. An objecting party must file "a written statement of objections which shall specifically designate the order, or part thereof, subject to the objections and the basis for such objection." L. R. Civ. P. 72.1(IV)(a).

## III.    DISCUSSION

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). With few exceptions, the limitations period begins running "the date on which the [habeas petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The running of the AEDPA's statute of limitations is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2). Judge Hey properly applied the statute of limitations to Mr. Brown's petition, which is dispositive in this case:

*First*, Mr. Brown's state court conviction became final on January 23, 2019, when the time expired for him to seek review in the Pennsylvania Supreme Court;

*Second*, Mr. Brown filed his PCRA petition on October 21, 2019, which was 271 days after his conviction became final, leaving him with 94 days after the resolution of his PCRA petition;

*Third*, the PCRA court resolved Mr. Brown's PCRA petition on March 11, 2020, and the clock for him to file in this Court began to run again on April 10, 2020; and

*Fourth*, to be timely, Mr. Brown had to file his petition in this Court by July 13, 2020, but he did not file until October 11, 2020.

Mr. Brown does not dispute any of these findings in the R&R. He takes issue with Judge Hey's analysis of his claims of equitable tolling and actual innocence, either of which might have further tolled the time for him to file his petition in this Court. But Judge Hey correctly concluded that neither doctrine applies.

As Judge Hey concluded, Mr. Brown cannot prove equitable tolling because he cannot show that he was diligent in pursuing his rights, which is the first element of an equitable tolling claim. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Brown claims that he did not receive the PCRA Court's decision denying his PCRA petition, so he did not know that he had to appeal or that his time to file in this court had begun to run.

But even if that's true, Mr. Brown admits that he received the PCRA Court's notice dated February 19, 2020, warning him that the PCRA Court intended to dismiss his claim in 30 days. Mr. Brown acknowledges that he got that notice, and he responded to it. But he didn't hear anything, and he didn't follow up until August 11, 2020—nearly six months later. Given the PCRA Court's warning that it would act in 30 days, Mr. Brown's delay until August 2020 does not reflect the diligence necessary for equitable tolling. (The Court notes that much of this occurred during the early stages of the Covid-19 pandemic, but Mr. Brown has not invoked the pandemic as a basis to excuse his lack of diligence, and as Judge Hey concluded, his past conduct would undermine any such argument.) Thus, even if Mr. Brown did not know about the PCRA Court's denial of his petition, and even if the Commonwealth or the PCRA Court prevented Mr. Brown from finding out about that denial, his lack of diligence in following up on the February notice dooms his equitable tolling argument.

In rare circumstances, a convincing claim of actual innocence can overcome the AEDPA's limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But a petitioner must convince the court "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner guilty." *Schlup v. Delo*, 513 U.S. 298, 301 (1993) (quote omitted). Mr. Brown does not claim that he was innocent, only that the Commonwealth's search of his home was improper. Even if it was, that does not constitute the kind of new evidence that he would need to invoke the actual

innocence exception. Instead, it constitutes a Fourth Amendment claim. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Mr. Brown filed a motion to suppress, and the state courts afforded him an opportunity to be heard. He cannot use that claim as a basis to toll the statute of limitations. And he has no evidence of his actual innocence, as Judge Hey correctly concluded.

### B.    Motions

None of Mr. Brown's pending motions has merit. *First*, as the R&R correctly concludes, Mr. Brown has not shown good cause for discovery because the petition is untimely. No discovery will change that fact. *Second*, Mr. Brown had an opportunity to litigate his Fourth Amendment issues in state court, so he cannot base a habeas claim on them in this court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). *Third*, to the extent Mr. Brown seeks to invoke *Brady v. Maryland* and recast his claim as one regarding withheld evidence, that claim is untimely. *Fourth*, and finally, Mr. Brown's Motion to file a supplemental pleading is futile because he has already made all of his equitable tolling arguments, and the Court has rejected them.

## IV.    CONCLUSION

Mr. Brown's Petition was untimely, he has not shown good cause to obtain discovery, and his motion to amend or supplement is futile. The Court will therefore overrule Mr. Brown's objections, adopt the R&R, and deny the petition. The Court will also deny the various pending motions. And, because there is no basis for reasonable jurists to disagree, the Court will not issue a certificate of appealability. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 13, 2022